IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. *12-262* |
| | ) | **UNDER SEAL** |
| RICHARD A. RYDZE, | ) | **FILED** |
| WILLIAM ZIPF, | ) | |
| JAMES HATZIMBES, aka "HATZ" | ) | OCT 17 2012 |

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Matthew B. Kall, and Carol M. Skutnik, Special Assistant United States Attorneys for the Western District of Pennsylvania, and submits this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A Federal Grand Jury returned a 185-count Indictment against the above-named defendants for an alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to Distribute Controlled Substances-Anabolic Steroids, September 2007 through March 31, 2011 | 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(E) | RICHARD RYDZE<br><br>JAMES HATZIMBES |

| | | | |
|---|---|---|---|
| 2-3 | Distributing Controlled Substances - Anabolic Steroids, 11/8/10, 2/17/11 | 21 U.S.C. §841(a)(1) & (b)(1)(E) and 18 U.S.C. § 2 | RICHARD RYDZE<br><br>JAMES HATZIMBES |
| 4 | Conspiracy to Unlawfully Distribute Human Growth Hormone, September 2007 through March 31, 2011 | 18 U.S.C. § 371 | RICHARD RYDZE<br><br>JAMES HATZIMBES |
| 5-8 | Unlawfully Distributing Human Growth Hormone, 11/11/10-11/16/10; 3/7/11; 11/9/10; 2/17/11 | 21 U.S.C. § 333(e) and 18 U.S.C. § 2 | RICHARD RYDZE (Counts 5-8)<br><br>JAMES HATZIMBES (Counts 7-8) |
| 9 | Health Care Fraud, September 4, 2007, through October 6, 2010 | 18 U.S.C. § 1347 | RICHARD RYDZE |
| 10 | Conspiracy to Distribute Controlled Substances, March 28, 2007, to January 6, 2012 | 21 U.S.C. § 846 | RICHARD RYDZE<br><br>WILLIAM ZIPF |
| 11-138 | Acquiring and Obtaining Possession of a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception and Subterfuge, October 18, 2007, through October 18, 2011 | 21 U.S.C. § 843(a)(3 | RICHARD RYDZE |

| 139-169 | Health Care Fraud, March 2008 through October 17, 2011, | 18 U.S.C. § 1347 | RICHARD RYDZE |
| | | | WILLIAM ZIPF |
| 170-184 | Health Care Fraud, January 2010 through January 21, 2012 | 18 U.S.C. § 1347 | RICHARD RYDZE |
| 185 | Obstruction of Justice, January 17, 2012, through February 5, 2012 | 18 U.S.C. § 1503 | RICHARD RYDZE |

## II.   ELEMENTS OF THE OFFENSE(S)

A.   As to Count 1:

In order for the crime of Conspiracy to Distribute Controlled Substances-Anabolic Steroids, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(E) , to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978);
> United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981);
> United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2.   That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d
> Cir.), cert. denied, 474 U.S. 906 (1985); United
> States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir.
> 1983).

3. That anabolic steroids are a Schedule III controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule III(e).

B. As to Counts 2-3:

In order for the crime of distribution and possession with the intent to distribute anabolic steroids, a Schedule III Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(E) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the dates set forth, the defendant distributed and/or possessed with intent to distribute the controlled substance charged in the indictment.

> United States v. Lartey, 716 F.2d 955,
> 967 (2d Cir. 1983); United States v.
> Wright, 593 F.2d 105, 107-108 (9th Cir.
> 1979); United States v. Tighe, 551 F.2d
> 18, 21 (3d Cir.), cert. denied, 434 U.S.
> 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697,
> 699-700 (9th Cir.), cert. denied, 426
> U.S. 951 (1976); United States v.
> Kairouz, 751 F.2d 467, 469 (1st Cir.
> 1985).

3.   That anabolic steroids are a Schedule III controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule III(e).

C.   As to Counts 4:

In order for the crime of Conspiracy to Unlawfully Distribute Human Growth Hormone, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2.   That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3.   That a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

> U.S. v. Rigas, 605 F.3d 194 (3d Cir. 2010); U.S. v. Gordon, 335 Fed.Appx. 236 (3d. Cir 2009)

D.   As to Counts 5-8:

In order for the crime of Unlawfully Distributing Human Growth Hormone, in violation of 21 U.S.C. § 333(e) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   Defendant knowingly distributed HGH or possessed HGH with the intent to distribute it;

2.   That Defendant knew that the HGH that he possessed and intended to distribute was for use in humans; and

3.   The distribution was not for the treatment of a disease or other recognized medical condition authorized by the Secretary of Health and Human Services under 21 U.S.C. § 355 and pursuant to the order of a physician.

U.S. v. Bader, 678 F.3d 858 (10th Cir. 2012); 21 U.S.C. § 333(e)


E.   As to Counts 9, 139-184:

In order for the crime of Health Care Fraud, in violation of 18 U.S.C. § 1347, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   Defendant executed or attempted to execute a scheme and artifice to defraud; or

1a.   Defendant attempted to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property;

2.   The victim was a health care benefit program.

U.S. v. Jones, 471 F.3d 478 (3d Cir. 2006)

F.   As to Count 10:

In order for the crime of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978);
> United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981);
> United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2.   That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3.   That Oxycodone, Oxymorphone, Oxycontin, and Opana are Schedule II controlled substances, pursuant to 21 U.S.C. § 812(c), Schedule II(a).

G.   As to Counts 11-138:

In order for the crime of Acquiring and Obtaining Possession of a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception and Subterfuge, in violation of 21 U.S.C. § 843(a)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. Defendant obtained possession of a controlled substance;

2. Defendant used Misrepresentation, Fraud, Forgery, Deception and Subterfuge to obtain possession; and

3. The substance was a controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule III.

> U.S. v. Antoon, 933 F.2d 200 (3d Cir. 1991); U.S. v. Wilbur, 58 F.3d 1291 (8th Cir. 1995); 21 U.S.C. § 843(a)(3)

H.  As to Count 185:

In order for the crime of Obstruction of Justice, in violation of 18 U.S.C. § 1503, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. A pending grand jury investigation;

2. Defendant has knowledge of the grand jury investigation;

3. Defendant knowingly takes an act with the intention of corruptly destructing, impairing, or impeding the investigation

> U.S. v. Walasek, 527 F.2d 676 (3d. Cir. 1975); U.S. v. Aguilar, 115 S.Ct. 2357.

III.   <u>PENALTIES</u>

A.   As to Count 1: Conspiracy to Distribute Controlled Substances-Anabolic Steroids, (21 U.S.C. §§ 846, 841(a)(1)&(b)(1)(E)):

1.   10 years imprisonment

2.   $500,000 fine

3.   Minimum 2 yrs, maximum 3 years supervised release.

B.   As to Counts 2-3: Distributing Controlled Substances-Anabolic Steroids, (21 U.S.C. §§ 846, 841(a)(1)&(b)(1)(E))

1.   10 years imprisonment

2.   $500,000 fine

3.   Minimum 2 yrs, maximum 3 years supervised release.

C.   As to Count 4: Conspiracy to Unlawfully Distribute Growth Hormone, (18 U.S.C. § 371):

1.   5 years imprisonment

2.   $250,000 fine

3.   3 years supervised release

D.   As to Counts 5-8: Unlawfully Distributing Human Growth Hormone, (21 U.S.C. §§ 333(e) & 18 U.S.C. § 2):

1.   5 years imprisonment

2.   $250,000 fine

3.   3 years supervised release

      E.   As to Count 9: Health Care Fraud, (18 U.S.C.

§ 1347):

      1.   10 years imprisonment

      2.   $250,000 fine

      3.   3 years supervised release

      F.   As to Count 10: Conspiracy to Distribute Controlled

Substances, (21 U.S.C. § 846):

      1.   20 years imprisonment

      2.   $1 million fine

      3.   Maximum 5 years supervised release

      G.   As to Counts 11-138: Acquiring and Obtaining

Possession of a Controlled Substance by Misrepresentation, Fraud,

Forgery, Deception and Subterfuge, (21 U.S.C. § 843(a)(3)):

      1.   4 years imprisonment

      2.   $250,000 fine

      3.   3 years supervised release

      H.   As to Counts 139-184: Health Care Fraud, (18 U.S.C.

§ 1347):

      1.   10 years imprisonment

      2.   $250,000 fine

      3.   3 years supervised release

      I.   As to Count 185: Obstruction of Justice (18 U.S.C.

§ 1503):

      1.   10 years imprisonment

      2.   $250,000 fine

3.   3 years supervised release

### IV.   <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.   <u>RESTITUTION</u>

X Not applicable in this case.

### VI.   <u>FORFEITURE</u>

X Not applicable in this case.

Respectfully Submitted,

ERIC H. HOLDER, JR.
Attorney General of the United States

STEVEN M. DETTELBACH
United States Attorney
Northern District of Ohio

By:   _____
Matthew B. Kall (3003738-NY)
Carol M. Skutnik (0059704-OH)
Special Assistant U.S. Attorneys
for the Western District of Pennsylvania
801 W. Superior Ave., Suite 400
Cleveland, OH 44113-1852
Telephone: (216) 6220-3600
Facsimile: (216) 522-8355
Matthew.B.Kall@usdoj.gov
Carol.Skutnik@usdoj.gov