IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 12-262
)
RICHARD A. RYDZE (1), and )
JAMES HATZIMBES (3) )

## OPINION & ORDER ON PRETRIAL MOTIONS

On October 17, 2013, a 185-count Indictment was filed against Defendants Richard A. Rydze, William Zipf, and James Hatzimbes. William Zipf plead guilty to one count of conspiracy to distribute controlled substances (21 U.S.C. § 846) and one count of health care fraud (18 U.S.C. § 1347), and he has been sentenced.

James Hatzimbes is charged in six counts as follows: Count 1: Conspiracy To Distribute Controlled Substances - Anabolic Steroids (21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(E)); Counts 2-3: Distributing Controlled Substances - Anabolic Steroids(21 U.S.C. §§ 841(a)(1) & (b)(1)(E)); Count 4: Conspiracy To Unlawfully Distribute Human Growth Hormone (18 U.S.C. § 371); Counts 7-8: (21 U.S.C. § 333(e) and Unlawfully Distributing Human Growth Hormone (18 U.S.C. § 2).

Richard A. Rydze is charged with all 185 counts as follows: Count 1: Conspiracy To Distribute Controlled Substances - Anabolic Steroids (21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(E)); Counts 2-3: Distributing Controlled Substances - Anabolic Steroids(21 U.S.C. §§ 841(a)(1) & (b)(1)(E)); Count 4: Conspiracy To Unlawfully Distribute Human Growth Hormone (18 U.S.C. § 371); Counts 5-8: (21 U.S.C. § 333(e) and Unlawfully Distributing

Human Growth Hormone (18 U.S.C. § 2); <u>Count 9</u>: Health Care Fraud (18 U.S.C. § 1347); Count 10: Conspiracy To Distribute Controlled Substances (18 U.S.C. § 846); <u>Counts 11-138</u> Acquiring and Obtaining Possession of Controlled Substance By Misrepresentation, Fraud, Forgery, Deception and Subterfuge (21 U.S.C. § 843(a)(3); <u>Counts 139-184</u> Health Care Fraud (18 U.S.C. § 1347); and <u>Count 185</u>: Obstruction Of Justice (18 U.S.C. § 1503).

Defendant Richard Rydze has filed a (ECF No. 91) Motion to Suppress Statement Taken without Miranda Warnings and a (ECF No. 92) Motion to Suppress Proceeds of Search, in which Defendant James Hatzimbes has joined. We will set an Evidentiary hearing to address these motions. Defendant James Hatzimbes has filed the following pretrial motions that we address now: Motion to Retain and Provide Rough Notes (ECF No. 106); Motion to Compel Disclosure of Impeachment Material (ECF No. 107), and Exculpatory Evidence; and Motion Requesting Notice Pursuant to Rule 404(b) (ECF No. 109). Our rulings as to these motions also apply to Mr. Rydze.

I.  **Rough Notes**

Defendant has filed a motion requesting that the Court order that the government investigators retain their rough notes and rough reports. The United States Court of Appeals requires that the government retain rough notes and writings. <u>United States v. Ammar</u>, 714 F.2d 238, 258-59 (3d Cir.), *cert. denied*, 464 U.S. 939 (1983). Accordingly, Defendant James Hatzimbes' [106] motion to retain and provide rough notes is hereby GRANTED. The government shall preserve and retain any rough notes of interview of any and all witnesses and of any and all defendants and unindicted co-conspirators, as well as rough notes relative to any reports prepared concerning this matter.

## II. Impeachment Material and Exculpatory Evidence

Defendant has filed a motion and accompanying brief seeking pretrial production of material as exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), as well as potential impeachment material under Giglio v. United States, 405 U.S. 150, 154 (1972), and certain other material. Defendant requests that we order the government to disclose grants of immunity, plea bargains, promises, preferential treatment and any and all impeachment material relating to any government witness, as well as any and all exculpatory evidence within the possession and/or control of the government. Defendant further requests that we order the government to disclose Brady evidence forthwith; and, recognizing limits on timing of the disclosure of the other evidence, to disclose the remaining requested evidence 10 days prior to trial.

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

3

Id. at 67-68. See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay.

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2). The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
> . . . .

18 U.S.C. § 3500(a) & (b).

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that "Upon a defendant's request, the government must give to the defendant a written summary of any [expert]

testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

There is no indication that the government has not met its obligations under Brady. Certainly any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady. See United States v. Higgs, 713 F.2d 39, 43 (3d Cir. 1983) ("[e]vidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility"). See also United States v. Bledsoe, 2006 WL 3098770, *2 (Oct. 30, 2006) (Cercone, J.) (footnote omitted) ("[a]s a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jenks Act"). Therefore, Defendant's motion for disclosure of Brady Evidence is GRANTED.

A defendant is not entitled to statements made by prospective government witnesses except as provided under the Jencks Act. See Rule 16(a)(2). Thus, there is no basis upon which the court can order the government to provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. However, it is imperative in a complex case such as this that defense counsel be provided with Jencks Act materials in time for its effective use at trial and in order to avoid any delays during trial. Accordingly, the government is hereby ORDERED to provide defense counsel with Jencks Act materials ten days prior to the start of trial.

We also note that the government has a continuing obligation to provide supplement materials as they become available. Thus, the government should disclose exculpatory or impeachment evidence that must be disclosed pursuant to the relevant law, to defense counsel as it becomes known to the government and consistent with the Jencks Act.

### III.  Rule 404(b) Evidence

Finally, Defendant requests notice from the government of the general nature of any evidence pursuant to Rule 404(b) that the government intends to offer at trial in this matter. Federal Rule of Evidence 404(b) states as follows:

> **(b) Crimes, Wrongs, or Other Acts.**
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.**
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> > **(A)** provide reasonable notice of the general nature off any such evidence that the prosecutor intends to offer at trial; and
> > **(B)** do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

FRE 404(b).

Given the requirements of Rule 404(b), Defendants' motion is GRANTED consistent with Rule 404(b). Given the complex nature of this case and the fact that any 404(b) evidence intended for use at trial may also be subject to a defense motion in limine and in order to avoid delaying the trial the government is hereby ORDERED to provide notice to defense counsel of any 404(b) evidence it intends to introduce at trial no later than 10 days before trial.

## IV. Conclusion

Defendant Hatzimbes' motions are granted as set forth above. The motions apply equally to co-defendant Rydze. To the extent any motion is not granted, it is denied. All parties shall file any further motions to address any outstanding pretrial discovery issues as soon as possible so that the matters may be heard at the evidentiary hearing to address Defendants' suppression motions.

Date: Feb. 11, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge